**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4895**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES ALBERT SLONAKER,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, Chief District Judge. (3:18-cr-00044-GMG-RWT-1)

Submitted: July 16, 2019                     Decided: July 18, 2019

Before MOTZ, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Nicholas J. Compton, Assistant Federal Public Defender Kristen M. Leddy, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant. Jeffrey Akira Finucane, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Albert Slonaker pled guilty to failure to surrender for service of a sentence, in violation of 18 U.S.C. § 3146 (2012), and the district court sentenced him to 24 months' imprisonment and 3 years' supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning the reasonableness of Slonaker's sentence. Although advised of his right to file a supplemental pro se brief, Slonaker has not done so. The Government declined to file a response brief. We affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) [(2012)] using an abuse-of-discretion standard, regardless of 'whether the sentence is inside, just outside, or significantly outside the Guidelines range.'" *United States v. Lymas*, 781 F.3d 106, 111 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007) (alteration omitted)). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.* In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) sentencing factors, and sufficiently explained the selected sentence. *Id.* at 111-12. After determining that the sentence is procedurally reasonable, we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a

2

presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Our review of the sentencing transcript reveals no significant procedural or substantive errors. The district court allowed the parties to present arguments, gave Slonaker the opportunity to allocute, considered the 18 U.S.C. § 3553(a) sentencing factors, and explained the selected sentence. Slonaker's sentence of 24 months' imprisonment falls squarely in the middle of his properly calculated advisory Guidelines range of 21 to 27 months, and the court ordered that the sentence run consecutive to Slonaker's other pending sentence, as required by 18 U.S.C. § 3146(b)(2) (2012). Nothing in the record rebuts the presumption that Slonaker's within-Guidelines sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform Slonaker, in writing, of the right to petition the Supreme Court of the United States for further review. If Slonaker requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Slonaker.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3